**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

August 27, 2015

MEMORANDUM TO COUNSEL

    Re:    *Oney v. PennyMac Mortgage Investment Trust Holdings I, LLC, et al.*
            Civil Action No. ELH-15-1525

Dear Counsel:

    As you know, On May 27, 2015, plaintiff Carol Jean Oney filed suit on behalf of herself and others similarly situated. ECF 1 ("Complaint"). In response to a motion to dismiss (ECF 4), plaintiff filed an Amended Complaint (ECF 5). It names "PennyMac Mortgage Investment Trust Holdings I, LLC n/k/a Pennymac Holdings LLC" ("Holdings")[1] and PennyMac Loan Servicing, LLC ("Servicer") as defendants. *Id.* The disputes relate to alleged unlawful efforts by defendants to collect payments from Oney in connection with a mortgage debt.

    In particular, plaintiff's Amended Complaint lodges three counts. Count I alleges a violation by Holdings of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*; Count II alleges a violation by Servicer of the FDCPA; and Count III alleges that both defendants violated the Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl. Vol., 2014 Suppl.), §§ 13-101 *et seq.* of the Commercial Law Article. ECF 5 ¶¶ 78-94, Amended Complaint.

    Defendants have moved to dismiss the Amended Complaint (ECF 8), supported by a memorandum of law (ECF 8-1, MTD Memo.) (Collectively, I refer to ECF 8 and ECF 8-1 as the "Motion to Dismiss"). Plaintiff has opposed the Motion to Dismiss. ECF 9. In addition, plaintiff has moved for summary judgment (ECF 12, "Summary Judgment Motion"), and has also moved to certify the class, under Fed. R. Civ. P. 23. ECF 11 ("Motion to Certify") (Collectively, I refer to ECF 11 and ECF 12 as "Plaintiff's Motions").

    Thereafter, defendants moved for an extension of time to respond to Plaintiff's Motions. ECF 13 ("Motion for Extension"). The Motion for Extension is supported by a memorandum of law. ECF 13-1 ("Def. Extension Memo."). (Collectively, I refer to ECF 13 and ECF 13-1 as "Motion for Extension"). In particular, defendants ask the Court to extend their deadline to respond to Plaintiff's Motions until twenty days after the Court issues a disposition on the Motion to Dismiss. ECF 13-1 at 5, Def. Extension Memo.

---

[1] Defendant Holdings lists its name as "PennyMac Holdings, LLC," with a comma between Holdings and LLC.

Plaintiff opposes the Motion for Extension (ECF 14), supported by a memorandum of law (ECF 14-1). (Collectively, I refer to ECF 14 and ECF 14-1 as the "Extension Opposition"). Defendants have replied. ECF 15 ("Extension Reply"). No hearing is necessary to resolve defendants' Motion for Extension and Plaintiff's Motions. *See* Local Rule 105.6. For the reasons that follow, I will deny, without prejudice, plaintiff's Motion to Certify (ECF 11) and plaintiff's Summary Judgment Motion (ECF 12). And, I will deny as moot defendants' Motion for Extension (ECF 13).

As noted, defendants moved to dismiss the Amended Complaint. ECF 8. The Motion to Dismiss is predicated on Fed. R. Civ. 12(b)(6) and argues, *inter alia*, that the Amended Complaint is on its face "insufficiently pled . . . ." ECF 8-1 at 12, MTD Memo.[2] It is defendants' position that briefing on Plaintiff's Motions should be postponed until after resolution of the Motion to Dismiss. ECF 15 at 4, Extension Reply. Defendants explain: "[I]t does not comport with the interests of judicial efficiency to require Defendants to respond to Plaintiff's dispositive motions until the basic parameters of her pleadings are determined." ECF 13-1 at 3, Def. Extension Memo.

Plaintiff opposes defendants' request to postpone briefing on the Summary Judgment Motion and the Motion to Certify until the Motion to Dismiss is resolved. *See* ECF 14-1 at 5-6, Extension Opposition. No scheduling order has yet been issued in this case. But, plaintiff insists that, "[b]ased upon the discovery that has been exchanged by the parties, in the first filed action[, *Ademiluyi v. PennyMac Mortgage Investment Trust Holdings I, LLC, et al.*, Civ. No. ELH-12-752,]" entry of judgment in plaintiff's favor is "supported by undisputed material facts" (ECF 14-1 at 2, Extension Opposition), and is appropriate "at this stage" of the case. *Id.* at 3.

The case referenced by plaintiff, *Ademiluyi v. PennyMac Mortgage Investment Trust Holdings I, LLC, et al.*, Civ. No. ELH-12-752, was filed by an unrelated plaintiff, Christie Ademiluyi, challenging, *inter alia*, efforts by Holdings to collect a delinquent mortgage debt. Counsel for Oney in this case also represented Ademiluyi. According to plaintiff's counsel, in view of the discovery procured in the *Ademiluyi* case, "[t]he class action suit [here] is ripe for summary disposition and any further delay in bringing this case to closure is prejudicing many parties and wasting this Court's time." ECF 14-1 at 6, Extension Opposition.

Plaintiff's position is unpersuasive. In seeking summary judgment at such an early stage in this case, Oney relies on discovery obtained in a separate action. *See* ECF 14-1 at 2,

---

[2] In the alternative, defendants contend that, "should the Court decline to dismiss the Amended Complaint, Holdings moves to strike certain portions" of plaintiff's pleading "pertaining . . . to a separate borrower, Christie Ademiluyi," who is not a party to this action. ECF 8-1 at 14, MTD Memo. As discussed, *infra*, counsel for plaintiff Oney represented Ademiluyi in a separate but related case, *Ademiluyi v. PennyMac Mortgage Investment Trust Holdings I, LLC, et al.*, Civ. No. ELH-12-752.

Extension Opposition.  However, Oney was not a party to the *Ademiluyi* case, Civ. No. ELH-12-752.  The commonality of defendants does not constitute a basis to preclude defendants from the opportunity to engage in discovery as to a separate borrower with a separate debt.  As a general matter, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery."  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

Moreover, I agree with defendants that in this case an initial determination of whether the Amended Complaint states a viable cause of action would promote efficiency in the conduct of this litigation.  If there is no viable cause of action, there is no reason for the parties to address plaintiff's request for summary judgment or to engage in the potentially expensive and time-consuming process of determining whether a class should be certified.

Accordingly, plaintiff's Summary Judgment Motion (ECF 12) and Motion to Certify (ECF 11) shall be denied as premature, without prejudice to plaintiff's right to refile these motions at some point after disposition of defendants' Motion to Dismiss.  In view of the foregoing, defendants' Motion for Extension (ECF 13) shall be denied, as moot.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

                                                Very truly yours,

                                                /s/
                                              Ellen Lipton Hollander
                                              United States District Judge