IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CAROL JEAN ONEY | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-15-1525 |
| | * | |
| PENNYMAC MORTGAGE INVESTMENT | * | |
| TRUST HOLDINGS I, LLC, ET AL. | * | |

******

MEMORANDUM

Plaintiff has filed a second amended complaint. Defendant has filed a motion to dismiss the complaint or, in the alternative, to strike class allegations. Defendants' motion will be treated as one to dismiss the second amended complaint and, as such, will be granted.[1]

The issue, as properly framed by the parties, is whether plaintiff has alleged sufficient facts to show that PennyMac Mortgage Investment Trust Holdings I, LLC, ("Holdings") is a "debt collector" within the meaning of the Fair Debt Collection Practices Act. Plaintiff does allege that Holdings did purchase their loan while the loan was in default. Under other circumstances this allegation, combined with others, could lead to a reasonable inference that Holdings is a debt collector. Here, however, the proof is in the pudding. The record establishes that Holdings through a related servicing entity, offered plaintiff a permanent loan modification in attempt to resolve her default, which plaintiff performed for over a year. Therefore, vis-à-vis

---

[1] I note that plaintiff has not, as directed by the court, added any allegations to the second amended complaint showing that circumstances have changed since Judge Ellen Hollander's order dated February 10, 2015 in another class action filed by plaintiff finding that plaintiff's counsel was inadequate to represent the putative class.

plaintiff, Holdings was a debt servicer rather than a debt collector. *See Schlegel v. Wells Fargo Bank, N.A.*, 799 F. Supp. 2d 1100, 1104-05 (N.D. Cal. 2011), *aff'd*, 720 F.3d 1204 (9th Cir. 2013). It was only after plaintiffs defaulted on the modified loan agreement that Holdings initiated the foreclosure proceedings.

For these reasons plaintiff has failed to state a claim upon which relief can be granted. Accordingly, defendants' motion will be granted.

Date: 12/17/15

J. Frederick Motz
United States District Judge